706 S.E.2d 505

**In the Matter of David F. STODDARD, Respondent.**

**No. 26935.**

Supreme Court of South Carolina.

Heard Feb. 2, 2011.

Decided Feb. 22, 2011.

---

Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Desa Ballard and Harvey MacLure Watson, III, both of Ballard, Watson and Weissenstein, of West Columbia, for Respondent.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to the imposition of a public reprimand with two conditions: 1) completion of the Legal Ethics and Practice Program Trust Account School within six months of the date of the Court's order and 2) submission of his monthly trust account reconciliations to the Commission on Lawyer Conduct for a period of one year. We accept the agreement and issue a public reprimand with the stated conditions. The facts, as set forth in the agreement, are as follows.

## FACTS

Until 2006, respondent's secretary conducted monthly reconciliations of his trust account. In 2006, the secretary left the law firm and, at that time, reported to respondent that she had been unable to balance his books for some period of time. Respondent stopped his monthly reconciliations at that time.

Between December 2008 and August 2009, respondent's paralegal, Ann Pressley, issued twenty-nine checks payable to herself for a total of $117,000.00 on respondent's trust account. Ms. Pressley issued the checks by either forging respondent's signature on the checks or signing her name to others. Ms.

Pressley was not entitled to these funds and respondent did not authorize issuance of these checks. Respondent had not given Ms. Pressley signatory authority on the account; however, he did delegate the preparation of trust account checks to her and allowed her to sign his name on those checks.

Respondent did not discover Ms. Pressley's misappropriation because he did not review his monthly bank statements or conduct monthly reconciliations of his trust account. On three occasions between April and July 2009, respondent did ask Ms. Pressley for his bank statements, but she did not comply with his request.

In August 2009, respondent discovered the defalcation when he obtained copies of his bank statements and checks. Ms. Pressley had been able to remove funds from the trust account without detection because she did not issue checks to clients and third parties who were entitled to funds from the account. If respondent had conducted monthly reconciliations, he would have discovered a significant number of outstanding checks, some more than four years old.

In August 2009, a warrant was issued for Ms. Pressley's arrest in connection with the checks drawn on respondent's trust account. Respondent fully cooperated with law enforcement in the investigation and prosecution of Ms. Pressley. Respondent also retained an outside accountant to reconcile his account and to determine the extent of the misappropriation. Further, he replaced his clients' funds with personal funds, and he opened a new trust account and made arrangements with his bank to insure that outstanding checks were paid from the new account. Respondent reissued checks to replace outstanding checks that had not been delivered. He self-reported this matter to ODC in January 2010.

Respondent admits he violated other provisions of the Court's rules. In particular, he admits he failed to adequately account for law firm funds maintained on deposit in his trust account to cover bank charges and fees, resulting in overdrafts to that subaccount. Further, he did not prepare settlement statements on all of his contingency cases in violation of Rule 1.5, Rule 407, SCACR. Moreover, respondent's firm had a practice of disbursing checks to clients and to his firm prior to

actually depositing and collecting the funds to cover the disbursements.

In addition, respondent issued at least two checks to cash. Although he has been able to document the purposes of those checks and demonstrate the funds were properly paid, respondent acknowledges he violated the provision of Rule 417, SCACR, that requires trust account checks be made payable to a named payee and not to cash. Finally, on two occasions following the opening of his new trust account, respondent inadvertently wrote checks from the wrong account, resulting in insufficient funds. The errors were corrected upon discovery and no client funds were lost.

## LAW

Respondent admits that, by his misconduct, he has violated the Rules of Professional Conduct, Rule 407, SCACR, particularly Rule 1.5 (contingent fee agreement shall be in writing . signed by the client and shall state the method by which the fee is to be determined), Rule 1.15 (lawyer shall safe keep client funds; lawyer shall not disburse funds from an account containing funds of more than one client or third person unless funds to be disbursed have been deposited in the account and are collected funds), and Rule 5.3 (lawyer having direct supervisory authority over non-lawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer). Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct). Respondent also admits he violated the record-keeping provisions of Rule 417, SCACR.

## CONCLUSION

We find that respondent's misconduct warrants a public reprimand with conditions. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct. Further, within six months of the date of this order, respondent shall complete the Legal Ethics and Practice Program Trust Account School and, for a

period of one year from the date of this opinion, respondent shall submit his monthly trust account reconciliations to the Commission on Lawyer Conduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., BEATTY, KITTREDGE and HEARN, JJ., concur.

PLEICONES, J., not participating.